UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-21721-CIV-SMITH

PATRICK ROJAS, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN HONDA MOTOR CO., INC.,
and HONDA NORTH AMERICA, INC.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO TRANSFER

This matter is before the Court on Defendants American Honda Motor Co., Inc. and Honda North America, Inc.'s Motion to Transfer, or, in the Alternative, Motion to Dismiss Plaintiff's Class Action Complaint [DE 9], Plaintiff's response [DE 18], and Defendants' reply [DE 22]. Plaintiff brings this putative class action against Defendants alleging claims on behalf of a national class for breach of express warranty, breach of implied warranties, violation of the Magnuson-Moss Warranty Act, and equitable injunctive relief and declaratory relief. Plaintiff also alleges a violation of Florida's Unfair and Deceptive Trade Practices Act on behalf of a Florida sub-class. Pursuant to 28 U.S.C. § 1404, Defendants seeks to transfer this case to the Central District of California, where a similar, earlier-filed action was pending. In the alternative, Defendants seek to dismiss Plaintiff's complaint. Because transfer is appropriate, as discussed below, the Court will not consider the merits of the motion to dismiss.

**I.    BACKGROUND**

Plaintiff filed the instant action on May 5, 2019. Plaintiff's claims are based on alleged defects in 2016-2018 Honda Civic vehicles equipped with CVT transmissions. The alleged defects cause the vehicles to unintentionally roll away when the driver believes that the car is in park. The

defects alleged in Plaintiff's complaint are that the vehicles fail to provide notice to drivers that the vehicle is out-of-gear, fail to activate the Electric Parking Brake in certain situations, and that the shifter is defective. Plaintiff seeks certification of a nationwide class and a Florida sub-class.

Prior to the filing of the instant action, two other similar putative class-actions were filed, one in the Central District of California and one in the Eastern District of New York. *Floyd v. American Honda Motor Co.*, Case No. 2:17-CV-08744, was filed in the Central District of California on December 4, 2017. Several of the plaintiff's attorneys in *Floyd* are also Plaintiff's counsel in this matter. The complaint in *Floyd* also alleges defects in 2016-2018 Honda Civics with CVT transmissions because the vehicles fail to provide notice to drivers that the vehicle is out-of-gear, fail to activate the Electric Parking Brake in certain situations, and are, therefore, prone to unintentionally roll away. The claims in *Floyd*, like the claims in the instant action, include breach of express warranty, breach of implied warranties, violation of the Magnuson-Moss Warranty Act, and equitable injunctive and declaratory relief on behalf of a national class of plaintiffs. *Floyd* also brings claims under Tennessee, Wisconsin, and California statutes on behalf of state-specific sub-classes. *Tenzyk v. American Honda Motor Co.*, Case No. 18-CV-6121, was filed on November 1, 2018 in the Eastern District of New York, alleging the same defect with the 2016-2018 Honda Civics and the same claims on behalf of a nationwide class, as well as New York statutory claims on behalf of a New York sub-class. The same plaintiff's attorneys also filed the *Tenzyk* case.

On June 13, 2018, the California district judge granted the defendants' motion to dismiss because the *Floyd* plaintiffs failed to comply with the requirements of the Magnuson-Moss Warranty Act. *Floyd v. Am. Honda Motor Co.*, Case No. 2:17-CV-08744, 2018 WL 6118582 (C.D. Cal. June 13, 2018). Because the court's supplemental jurisdiction over the state law claims

2

was based on its jurisdiction over the Magnuson-Moss claims, the *Floyd* court found that it had no jurisdiction over the state law claims. *Id.* at *4. The *Floyd* plaintiffs then appealed the dismissal instead of filing an amended complaint. The appeal is set for oral arguments before the Ninth Circuit on December 11, 2019. Despite the dismissal of *Floyd*, on November 14, 2019, the New York district judge granted Defendants' motion to transfer *Tenzyk* to the Central District of California, noting:

> The California court's decision contemplated that it could exercise jurisdiction over claims in a class action if Plaintiffs met certain requirements. The decision does not close the California courthouse doors to these Plaintiffs. Thus, there are no no [sic] special circumstances warranting exception from the first-filed rule.

*Tenzyk v. Am. Honda Motor Co.*, Case No. 18-CV-6121, 2019 WL 6034859, *3 (E.D.N.Y. Nov. 14, 2019).

## II. DISCUSSION

Defendants move to transfer this case to the Central District of California pursuant to the first-filed rule and 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The first-filed rule favors the forum of the first-filed suit when there are multiple actions involving similar claims and parties. In his response, Plaintiff has not addressed the appropriateness of transfer under § 1404(a) and, instead, argues that an exception to the first-filed rule applies.

### A. The First-Filed Rule Favors Transfer

Defendants argue that the first-filed rule favors transfer of this matter to the district court in California. Under the first-filed rule, where "two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits

3

that favors the forum of the first-filed suit." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). The party objecting to jurisdiction in the first-filed forum has the burden of proving "compelling circumstances" to warrant an exception to the first-filed rule. *Id.* The purpose of the first-filed rule is to conserve judicial resources and avoid conflicting rulings. *Zampa v. JUUL Labs, Inc.*, Case No. 18-25005-CIV, 2019 WL 1777730, at *2 (S.D. Fla. April 23, 2019). In applying the rule, courts consider three factors: (1) the chronology of the two actions, (2) the similarity of the parties; and (3) the similarity of the issues. *Id.* If a court finds that these factors weigh in favor of the first forum, the court must then determine whether the party objecting to the first forum has met its burden of establishing compelling circumstance against transfer to the first forum. *Id.*

In his response, Plaintiff does not contest that the three factors weigh in favor of the California forum;[1] instead, Plaintiff argues that compelling circumstances exist to avoid application of the first-filed rule. Specifically, Plaintiff maintains that because the *Floyd* court has already held that it lacked jurisdiction, transfer to California, a court which does not have jurisdiction, would be improper. Plaintiff also argues that transferring the case to California would result in forum shopping, which the first-filed rule is meant to discourage.

Plaintiff, however, has misinterpreted the decision in *Floyd*. The *Floyd* court held that plaintiffs failed to meet the Magnuson-Moss Warranty Act's pleading requirements and, thus, it

---

[1] While Plaintiff has essentially conceded that the factors weigh in favor of transfer, the Court notes that the factors do actually weigh in favor of transfer to California: (1) the California case was filed approximately a year and a half before the instant case; (2) both cases seek to certify a nationwide class of 2016-2018 Honda Civic owners and both have the same lawyers representing plaintiffs; and (3) both have alleged the same claims on behalf of the nationwide class for breach of express warranty, breach of implied warranties, violation of the Magnuson-Moss Warranty Act, and equitable injunctive relief and declaratory relief. The Court does recognize that the two actions allege different state law claims. Despite the differing state law claims, the factors weigh in favor of transfer.

lacked jurisdiction over the Magnuson-Moss claim. *Floyd*, 2018 WL 6118582 at *4. The *Floyd* court then dismissed the entire case because it found that it lacked supplemental jurisdiction over the remaining claims because supplemental jurisdiction was based on the Magnuson-Moss claim. *Id.* The *Floyd* court never addressed the issue of whether it had jurisdiction under the Class Action Fairness Act (CAFA). The *Floyd* plaintiffs appealed the decision before the district court had an opportunity to address the issue of CAFA jurisdiction. Further, the *Floyd* court did not foreclose jurisdiction under Magnuson-Moss; it simply found that the *Floyd* plaintiffs had failed to adequately plead jurisdiction under Magnuson-Moss. Thus, contrary to Plaintiff's assertion, he is not necessarily foreclosed from filing suit in the California district court. The New York district court similarly noted: the *Floyd* court's decision "contemplated that the court could exercise jurisdiction over claims in a class action if Plaintiffs met certain requirements." *Tenzyk*, 2019 WL 6034859 at *3. Consequently, Plaintiff has not met his burden of establishing that compelling reasons exist for not applying the first-filed rule.

Furthermore, Plaintiff's forum shopping argument fails. It is Plaintiff, not Defendants, who have forum shopped. It is Plaintiff and his attorneys who filed this very similar action in this district after the California district court dismissed a virtually identical Magnuson-Moss claim based on pleading failures and after filing a very similar action in the Eastern District of New York. Thus, not applying the first-filed rule in this case would reward Plaintiff for the very type of forum shopping that Plaintiff argues the rule was meant to discourage. Consequently, the first-filed rule favors transfer.

B.  **Venue Is Proper in the Eastern District of California**

Having found that transfer is appropriate under the first-filed rule, the Court must still determine if the requirements of 28 U.S.C. § 1404(a) have been met. A court can only transfer a

case under § 1404(a) to a court "where it might have been brought." If a case could have been brought in a particular transferee district, the court must then determine whether the convenience of the parties and witnesses and the interest of justice favor transfer. Each of these considerations weigh in favor of transfer. Having failed to address any of these issues in his opposition, Plaintiff has conceded that transfer under § 1404(a) is appropriate. *See Melendez v. Town of Bay Harbor Islands*, Case No. 14-22383-CIV, 2014 WL 6682535, at *7 (S.D. Fla. Nov. 25, 2014) (holding that arguments a party failed to address in its response are conceded). Nonetheless, the Court will address them to ensure that transfer is proper.

### i. *This Action Could Have Been Brought in the Central District of California*

"An action might have been brought in a transferee district if that district has subject matter jurisdiction over the action, venue is proper, and the parties are amenable to service of process in the transferee forum." *Game Controller Tech. LLC v. Sony Computer Entm't Am. LLC*, 994 F. Supp. 2d 1268, 1272–73 (S.D. Fla. 2014). The Central District of California would have subject matter jurisdiction over a case brought pursuant to CAFA, as well as a case properly brought under Magnuson-Moss. Pursuant to 28 U.S.C. § 1391, venue would be proper in the Central District of California because Plaintiff alleges that both Defendants have their principal place of business in Torrance, California. Thus, Defendants would also be amenable to service of process in the Central District of California. Consequently, this case could have been brought in the Central District of California.

### ii. *The Convenience of the Parties and the Interests of Justice Favor Transfer*

To determine whether the convenience of the parties and witnesses and the interest of justice favor transfer, a court considers: (1) the convenience of the witnesses; (2) the location of

relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). These factors weigh in favor of transfer to the Central District of California.

According to the complaint, Plaintiff is a resident of California and both Defendants have their principal place of business in Torrance, California. Thus, the third factor – convenience of the parties – favors California. Based on the allegations in the complaint, it is likely that the majority of discovery and documents will be produced by Defendants. Thus, the second factor – the location of relevant documents and the relative ease of access to sources of proof – favors California. Similarly, the first factor – convenience of the witnesses – favors California because, given the nature of the claims, the majority of witnesses are likely to be associated with Defendants, who are located in California. The nature of the claims indicates that the locus of the operative facts is where Defendants are. Thus, the fourth factor favors California.

At this early stage of the proceedings, the fifth factor – the availability of process to compel the attendance of unwilling witnesses – does not seem to favor either forum because, other than Plaintiff and employees of Defendants, it is not clear who the witnesses would be. While Defendants clearly have far greater means than Plaintiff, Plaintiff is actually a resident of California. Thus, the sixth factor – the relative means of the parties – favors California. While the seventh factor – a forum's familiarity with the governing law – may appear to favor Florida because of the many state law claims, a California court is capable of applying another state's law.

*See Am. Residential Equities, LLC v. Del Mar Datatrac, Inc.*, No. 08-20014-CIV, 2008 WL 11333097, at *3 (S.D. Fla. Mar. 13, 2008) (noting that "courts in other states, such as California, are well-equipped to and quite capable of applying foreign law, including [Florida law]").

The eighth factor – the plaintiff's choice of forum – is accorded less weight when a plaintiff does not reside in his chosen forum. *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (holding that "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981)). The final factor – trial efficiency and the interests of justice, based on the totality of the circumstances – favors transfer to California. Without transfer, Defendants would be forced to defend three almost identical suits in two different forums, California and Florida. The oldest case is in California; hence, the trial court with the most knowledge of the cases is the California court. The second oldest case has just been transferred to California. Thus, judicial efficiency and the conservation of resources would favor California. As noted earlier, Plaintiff has not addressed any of these factors or how they should be weighed. Consequently, the Court finds that the convenience of the parties and the interests of justice favor transfer to the Central District of California.

## III. CONCLUSION

The first-filed rule dictates that this case should be transferred to the Central District of California. Plaintiff has failed to meet it burden to establish "compelling circumstances," which would prevent application of the first-filed rule. Further, transfer is appropriate under 28 U.S.C. § 1404(a) because the case could have been brought in the Central District of California and the convenience of the parties and witnesses and the interest of justice favor transfer to the Central District of California. Accordingly, it is

**ORDERED** that Defendants American Honda Motor Co., Inc. and Honda North America, Inc.'s Motion to Transfer, or, in the Alternative, Motion to Dismiss Plaintiff's Class Action Complaint [DE 9] is **GRANTED in part and DENIED in part:**

1. The Motion to Transfer is **GRANTED.** The Clerk is directed to transfer this case to the United States District Court for the Central District of California.

2. This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 25 day of November, 2019.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record